AGNES VAN COTT, PLAINTIFF, v. GERLOF DE ROOS, DEFENDANT.

Submitted January 31, 1936—Decided April 21, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant, *David Kwiat* and *Paul Riltenberg*.

For the respondent, *Cohn & Kohlreiter*.

Per Curiam.

This matter comes into this court on petition to review an adjudication that the petitioner, Ernest Mutzberg, is guilty of contempt of court. He was held in contempt by the Passaic County Circuit Court for failure to obey a subpœna *duces tecum* issued out of that court and fined $100, which has been paid. Thereupon he filed a petition which prays:

"Wherefore, your petitioner prays that a trial *de novo* be granted him, reviewing the entire contempt proceedings and the findings of the court, and for an order to take depositions in this matter, in accordance with the statute in such case made and provided."

It was signed by two counselors-at-law, in accordance with the statute, 2 *Comp. Stat., p.* 1736.

The state of the case contains this petition, certain orders in the court below, affidavits used on the return of the rule citing petitioner in contempt, and testimony of the petitioner before the Supreme Court commissioner at the hearing when he was subpœnaed to produce certain documents and failed to do so. There was no order of this court as to the manner in which the appeal was to be presented. Nor was any application made for such an order.

The argument in the brief is directed to the record brought up from the court below. It is argued that the conviction is without basis in law and in fact.

The practice in matters of this kind is outlined in *Attorney-General, ex rel. Hudson County Quarter Sessions* v. *Verdon,* 90 *N. J. L.* 494; 102 *Atl. Rep.* 66. There Verdon was convicted in the Common Pleas of contempt. He filed a petition under the statute in the Supreme Court, which court reversed for practically a trial error, the refusal of the Common Pleas to grant a demand of the accused that interrogatories be submitted to him, and remanded the cause to the Common Pleas for a new trial. Upon appeal to the Court of Errors and Appeals this action was held to be error. It was held that upon the filing of a petition under the act, the upon the law and facts, and to give such judgment as shall Supreme Court is required to rehear the matter *de novo* both seem lawful. It was said:

"The failure of the Supreme Court to proceed under the statute requires a reversal of its judgment, and a remission of the record to it in order that it may, in the language of the statute, rehear the matter of contempt upon which the conviction was founded, both upon the law and upon the facts, by the taking of depositions, or in such other way or manner as it shall deem advisable, and render such judgment thereon as shall seem to it to be lawful and just under all the circumstances of the case."

In that case the matter went back to the Supreme Court. Leave was given to take depositions. By stipulation the record below was used and was supplemented by the testimony of one additional witness whose deposition was taken by the prosecution. The Supreme Court then considered the matter *de novo* and found the defendant not guilty. 91 *N. J. L.* 491; 104 *Atl. Rep.* 317.

Obviously, the proper procedure has not been followed in this case. The respondent objects to the practice and complains that the record is incomplete, and that the statute has not been followed. However, the respondent has failed to object to the state of the case in the manner provided by the rules of this court, and, in the situation presented, we are of the opinion that the petition should be held and leave given to the petitioner-appellant to apply on notice to the court for an order directing the perfecting of the record and presentation of the evidence in order that this court may rehear the matter anew both upon the law and the facts.

Such will be the order.